UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JOEL McCLEASE,  )
   Plaintiff,  )
     )
v.  )   Case No. 2:07CV19-mht
     )
ALABAMA DEPARTMENT  )
OF CORRECTIONS,  )   *Jury Demand*
   Defendant  )

RECEIVED 2007 JAN -4 A 10: 12
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

### COMPLAINT

Comes now Plaintiff Joel McClease (hereinafter, "McClease") against the above-captioned defendant, Alabama Department of Corrections (hereinafter, "the Department"), and would show unto the Court as follows:

### JURISDICTION AND VENUE

1. McClease files this Complaint and invokes the jurisdiction of this Court under and by virtue of 28 U.S.C. §1331 and §1343, to obtain compensatory and punitive damages as well as injunctive and declaratory relief. Defendant violated Plaintiff's rights as guaranteed by the Constitution of the United States and by Federal law, particularly Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e, et seq.), as amended. Jurisdiction is proper in the U.S. District Court as a consequence of McClease's having filed a Charge of Discrimination filed with the EEOC on or about April 3, 2006, and more than 180 days having passed since that filing. This action is timely filed.

2. The violations of McClease's rights as alleged herein occurred in Elmore County, Alabama, and were committed within the Northern Division of the Middle District of the State of Alabama. The Department is an agency of the State of Alabama, headquartered

in Montgomery, and has a place of business and does business within Elmore County in the Middle District of Alabama. Venue is thus proper in the Middle District of Alabama, pursuant to 28 U.S.C. § 1391(c).

## PARTIES

3. McClease, who is over the age of 19 years, is and at all times material hereto was a citizen of the United States and the State of Alabama, residing in Montgomery County, Alabama. McClease is a male employee with the Department.

4. The Department is a State agency doing business in Elmore County, Alabama, a better denomination of which is presently unknown to McClease.

## NATURE OF PROCEEDINGS

5. This is a proceeding for a declaratory judgment as to McClease's rights and for a permanent injunction, restraining the Department from maintaining a policy, practice, custom or usage of discrimination against McClease because of his gender with respect to terms, conditions and privileges of employment. The Complaint also seeks restitution to McClease of all rights, privileges, benefits and income that would have been received by McClease but for the Department's unlawful and discriminatory practices. Further, McClease seeks compensatory damages for the wrongs alleged herein.

6. McClease avers that the Department denied McClease his rights under the laws of the United States of America and that such actions by the Department were designed to discriminate against him as to employment.

7. McClease avers that the alleged wrongful actions were designed to prevent him and others similarly situated from obtaining an equality with female persons in the terms, conditions, and privileges of employment.

8. McClease avers that the actions of the Department were intended to specifically deny his rights because he is male.

9. As a proximate result of the illegal actions alleged above, McClease has been damaged in that he has been subjected to disparate treatment in employment and emoluments of employment.

10. As a direct and proximate result of the aforesaid acts of the Department, McClease has suffered great mental anguish from then until now, and will continue to suffer in the future, and has been greatly humiliated.

11. McClease avers that the Department acted willfully, knowingly and purposefully with the specific intent to deprive McClease of his rights as alleged above and to cause McClease mental anguish and public ridicule and to discriminate against him because of his gender, or that it acted recklessly, wantonly, and in knowing violation of McClease's substantial rights, knowing that he was substantially certain to suffer as a consequence.

## FACTS

12. McClease expressly adopts as if fully set forth herein the allegations of each and all of the preceding paragraphs.

13. McClease is a professional Correctional Officer with an extensive background of satisfactory service with the Department.

14. McClease is employed at the Department's Staten Correctional Facility. He works on the third shift from 10:00 p.m. to 6:00 a.m.

15. A number of male Correctional Officers and female Correctional Officers are also employed there.

16. The female Correctional Officers are assigned more favorable and less dangerous work

than are the males.

17. Female officers are assigned to work in the C dormitory and the E dormitory, in the guard towers, and in the hospital. Males are assigned to the A, B, D, and G dormitories.

18. The C dormitory houses inmates who are undergoing a Substance Abuse Program ("SAP"), and are generally more docile. The E dormitory is the honor dormitory, and inmates there are the best behaved in the institution. The hospital has fewer inmates than are housed in other areas, and they are generally more docile; moreover, there is very little actual work required in the hospital. The towers require vigilance, but no danger, virtually no actual work, and no contact with inmates.

19. The A, B, D, and G general population dormitories house more inmates, require the most work, and pose the most danger to Correctional Officers.

20. Female Correctional Officers are virtually never assigned to the A, B, D, and G dormitories.

21. The assignment scheme favors females and disfavors males in the terms, conditions and privileges of employment.

22. Working in the A, B, D, and G dormitories is extremely stressful, and McClease has suffered from the stressful working conditions.

23. McClease filed a formal grievance relating to this matter on or about October 17, 2005. On or about February 16, 2006, the facts set forth above were found to be accurate and the grievance was resolved in McClease's favor. Despite that, nothing changed and the disparate treatment continues.

## CAUSES OF ACTION

24. McClease expressly adopts as to each cause of action as if set forth therein the averments

of each of the foregoing paragraphs.

### COUNT I – SEX DISCRIMINATION UNDER 42 U.S.C.A. § 2000e, et seq.

25. McClease is a member of a protected group, male.

26. McClease has been and is being subjected to disparate treatment that affects the terms, conditions, and privileges of his employment.

27. The said treatment favors and benefits females and disadvantages males.

28. The disparate treatment complained of is institutionalized as an unwritten policy, custom or usage at Staten Correctional Facility.

29. McClease has been injured and damaged in that he has undergone disproportionate stress, anxiety, fear and apprehension compared with similarly situated females. He has been and is being exposed to substantially more danger and is required to do more work than similarly situated females. He has experienced emotional distress, mental anguish and a loss of enjoyment of living as a result of the said disparate treatment.

### PRAYER FOR RELIEF

WHEREFORE, McClease demands judgment for himself and against the defendants as follows:

a) McClease prays that the Court will enter a declaratory judgment that the practices complained of herein are unlawful and violative of 42 U.S.C. § 2000e, et seq., and 42 U.S.C. § 1981 (as redressable under § 1983);

b) McClease prays that the Court will Order modification or elimination of practices, policies, customs, and usages set forth herein and all other such practices shown to be in violation of law that they do not discriminate on the basis of sex;

c) McClease demands compensatory and punitive damages of Three Hundred

Thousand Dollars as to claims cognizable under 42 U.S.C. § 2000e;

d) McClease prays that the Court will grant him the cost of this action including reasonable attorneys' fees;

e) McClease prays that the Court will grant him such equitable relief as may be available under relevant statutes as to which he may be entitled;

f) McClease prays, in the alternative, that he be granted nominal damages and equitable relief;

g) McClease prays that the Court will enjoin the Department from any further discrimination;

h) McClease prays that the Court will grant to him such other, further and different relief as this Court may deem just and proper.

RESPECTFULLY SUBMITTED on this the 3 day of January, 2007.

/s/ JAY LEWIS
Jay Lewis
Law Offices of Jay Lewis, LLC
P.O. Box 5059
Montgomery, AL 36103
(334) 263-7733 (Voice)
(334) 832-4390 (Fax)
J-lewis@JayLewisLaw.com
ASB-2014-E66J

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY.**