IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **JOEL McCLEASE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | CIVIL ACTION NO. CV 07-019 |
| v. | ) | |
| | ) | |
| **ALABAMA DEPARTMENT OF** | ) | |
| **CORRECTIONS, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ALABAMA DEPARTMENT OF CORRECTION'S
## ANSWER TO THE COMPLAINT

Comes now the Alabama Department of Corrections (hereinafter referred to as ADOC), and files this answer to the Complaint as follows:

1. ADOC would deny that paragraph 1 concerning whether the Plaintiff has filed this action pursuant to the prerequisites of Title VII, 42 U.S.C. § 2000e, et seq., and demands the strict proof thereof.

2. As to paragraph 2, ADOC would deny that any violations occurred, and demand the strict proof thereof. ADOC would admit that Staton Correctional Facility is located in Elmore County, Alabama.

3. ADOC would admit to paragraphs 3 and 4.

4. ADOC would deny paragraphs 5 through 12 and demands the strict proof thereof.

5. ADOC would admit that the Plaintiff is a Correctional Officer presently assigned to the Staton Correctional Facility; that there are male and female officers assigned to the Staton Correctional Facility; and at one time the Plaintiff was assigned to the third shift. In all other allegations contained in paragraphs 13 through 15 ADOC denies and demands the strict proof thereof.

6. ADOC would deny paragraphs 16 through 22 and demands the strict proof thereof.

7. ADOC would admit that the Plaintiff has, in the past, filed a grievance.

8. ADOC would deny paragraphs 23 through 29, and paragraphs a) through h) under Prayer for relief, and demands the strict proof thereof.

## **DEFENSES**

ADOC Defendants would contend that the complaint is not maintainable under Title VII unless and until the Plaintiff demonstrates satisfaction of each and all of the prerequisites to file suit under such Act.

That the complaint is not maintainable as to any event or alleged event occurring more than 180 days prior to filing of the EEOC charge or charges on which the Complaint is based.

That the complaint is not maintainable under Title VII against any person or entity not named as a respondent in the EEOC charge or charges on which the Complaints are based.

That no punitive damages are allowable against a governmental entity or its agents under Title VII, as amended and is limited to the monetary caps provided by Title VII.

That the Plaintiff is not entitled to claim compensatory or punitive damages under Title VII as he has asserted a cause of action under 28 U.S.C.§ § 1331 .

That the complaint fails to state a claim upon which relief can be granted under Title VII, 42 U.S.C. § 2000e.

That ADOC is entitled to Eleventh Amendment Immunity.

That ADOC is entitled to Article I, § 14 immunity of the Alabama Constitution.

That there is no respondent superior liability under these causes of action.

That the complaint fails to state a cause of action upon which relief can be granted.

ADOC asserts the Mt. Healthy defense.

ADOC asserts the general defense.

ADOC alleges that the Plaintiff has not properly filed a complaint Title VII, § 2000e.

ADOC reserves the right to amend its defenses, including affirmative defenses, upon the receipt of information obtained through discovery or otherwise.

ADOC contends that the Plaintiff has failed to meet the requirements under Title VII, and therefore cannot maintain a cause of action under Title VII, and therefore this Court is without jurisdiction in this matter.

That ADOC's policy and/or practice as to the assignment of correctional officers are based upon a non-discriminatory reason.

That Plaintiff's claim of gender discrimination is insufficient to support a claim under Title VII.

Respectfully submitted,

Kim T. Thomas
General Counsel
Assistant Attorney General

/s/Albert S. Butler (BUT016)
Albert S. Butler (BUT016)
Assistant General Counsel
Assistant Attorney General

**ADDRESS OF COUNSEL**

Alabama Department of Corrections
Legal Division
301 South Ripley Street
P. O. Box 301501
Montgomery, Alabama 36130-1501
(334) 353-3885

## Certificate of Service

I do hereby certify that on the 25th day of January 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system,

And I hereby certify that I have mailed a copy of the forgoing via United States Mail properly addressed, postage prepaid first class to:

Jay Lewis, Esq.
Law Offices of Jay Lewis, LLC
Attorney for the Plaintiff
P. O. Box 5059
Montgomery, AL 36103

/s/Albert S. Butler (BUT016)
Albert S. Butler (BUT016)
Assistant General Counsel
Assistant Attorney General