UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOEL McCLEASE, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>ALABAMA DEPARTMENT )<br>OF CORRECTIONS, )<br>    Defendant ) | Case No. 2:07-cv-19-MHT |

**MOTION FOR LEAVE TO AMEND COMPLAINT**

Comes now Plaintiff Joel McClease (hereinafter, "McClease") and moves the Court for leave to amend his Complaint and substitute therefor his First Amended Complaint (attached hereto) and as grounds for which would show as follows:

1. This motion is timely, as the deadline for amending the pleadings and adding parties has not yet passed.

2. Plaintiff McClease works as a Correctional Officer only one shift at the Staten Correctional Facility, the third shift; however, the discrimination against males takes place on all shifts.

3. John Boddorf works as a Correctional Officer on the first shift.

4. Malcolm Jacobs works as a Correctional Officer on the second shift.

5. Both Boddorf and Jacobs wish to complain about disparate treatment, discrimination in work assignments, on their respective shifts.

6. Boddorf and Jacobs are due to be excused from exhaustion of administrative remedies under the "piggybacking" doctrine, in that they are joining a suit filed by McClease who has satisfied all conditions precedent to bringing his action.

7. The questions of law and of fact are common to all three individuals.

WHEREFORE, the premises considered, Plaintiff prays that the Court will grant his motion to amend his Complaint by substituting therefor his First Amended Complaint, attached hereto.

RESPECTFULLY SUBMITTED on this the __29th__ day of March, 2007.

/s/ JAY LEWIS
Jay Lewis
Law Offices of Jay Lewis, LLC
P.O. Box 5059
Montgomery, AL 36103
(334) 263-7733 (Voice)
(334) 832-4390 (Fax)
J-lewis@JayLewisLaw.com
ASB-2014-E66J

**CERTIFICATE OF SERVICE**

      I hereby certify that I have served the foregoing on the following counsel or parties by hand delivery, by facsimile, or by placing a copy of the same in the United States mail, properly addressed and first-class postage prepaid on this 29th day of March, 2007.

Albert S. Butler
Alabama Department of Corrections
P.O. Box 301501
Montgomery, AL 36130-1501

                                               /s/ JAY LEWIS
                                               Jay Lewis
                                               Law Offices of Jay Lewis, LLC
                                               P.O. Box 5059
                                               Montgomery, AL 36103
                                               (334) 263-7733 (Voice)
                                               (334) 832-4390 (Fax)
                                               J-lewis@JayLewisLaw.com
                                               ASB-2014-E66J

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOEL McCLEASE, ) | |
| JOHN BODDORF, and ) | |
| MALCOLM JACOBS, ) | |
|     Plaintiffs, ) | |
| ) | |
|     v. ) | Case No. 2:07-cv-19-MHT |
| ) | |
| ALABAMA DEPARTMENT ) | |
| OF CORRECTIONS, ) | *Jury Demand* |
|     Defendant ) | |

**FIRST AMENDED COMPLAINT**

Comes now Plaintiffs Joel McClease (hereinafter, "McClease"), John Boddorf (hereinafter, "Boddorf") and Malcolm Jacobs (hereinafter, "Jacobs") against the above-captioned defendant, Alabama Department of Corrections (hereinafter, "the Department"), and would show unto the Court as follows:

**JURISDICTION AND VENUE**

1.  Plaintiffs file this Complaint and invoke the jurisdiction of this Court under and by virtue of 28 U.S.C. §1331 and §1343, to obtain compensatory and punitive damages as well as injunctive and declaratory relief. Defendant violated Plaintiffs' rights as guaranteed by the Constitution of the United States and by Federal law, particularly Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e, et seq.), as amended. Jurisdiction is proper in the U.S. District Court as a consequence of McClease's having filed a Charge of Discrimination filed with the EEOC on or about April 3, 2006, and more than 180 days having passed since that filing. This action is timely filed. Neither Boddorf nor Jacobs filed complaints with the EEOC; they join this action under the "piggybacking" doctrine.

2.     The violations of Plaintiffs' rights as alleged herein occurred in Elmore County, Alabama, and were committed within the Northern Division of the Middle District of the State of Alabama. The Department is an agency of the State of Alabama, headquartered in Montgomery, and has a place of business and does business within Elmore County in the Middle District of Alabama. Venue is thus proper in the Middle District of Alabama, pursuant to 28 U.S.C. § 1391(c).

## PARTIES

3.     McClease, who is over the age of 19 years, is and at all times material hereto was a citizen of the United States and the State of Alabama, residing in Montgomery County, Alabama. McClease is a male employee with the Department.

4.     Boddorf, who is over the age of 19 years, is and at all times material hereto was a citizen of the United States and the State of Alabama, residing in Montgomery County, Alabama. Boddorf is a male employee with the Department.

5.     Jacobs, who is over the age of 19 years, is and at all times material hereto was a citizen of the United States and the State of Alabama, residing in Montgomery County, Alabama. Jacobs is a male employee with the Department.

6.     The Department is a State agency doing business in Elmore County, Alabama, a better denomination of which is presently unknown to Plaintiffs.

## NATURE OF PROCEEDINGS

7.     This is a proceeding for a declaratory judgment as to Plaintiffs' rights and for a permanent injunction, restraining the Department from maintaining a policy, practice, custom or usage of discrimination against Plaintiffs because of their gender with respect to terms, conditions and privileges of employment. The Complaint also seeks restitution

to Plaintiffs of all rights, privileges, benefits and income that would have been received by Plaintiffs but for the Department's unlawful and discriminatory practices. Further, Plaintiffs seek compensatory damages for the wrongs alleged herein.

8. Plaintiffs aver that the Department denied Plaintiffs their rights under the laws of the United States of America and that such actions by the Department were designed to discriminate against them as to employment.

9. Plaintiffs aver that the alleged wrongful actions were designed to prevent them and others similarly situated from obtaining an equality with female persons in the terms, conditions, and privileges of employment.

10. Plaintiffs aver that the actions of the Department were intended to specifically deny their rights because they are male.

11. As a proximate result of the illegal actions alleged above, Plaintiffs have been damaged in that they have been subjected to disparate treatment in employment and emoluments of employment.

12. As a direct and proximate result of the aforesaid acts of the Department, Plaintiffs have suffered great mental anguish from then until now, and will continue to suffer in the future, and have been greatly humiliated.

13. Plaintiffs aver that the Department acted willfully, knowingly and purposefully with the specific intent to deprive Plaintiffs of their rights as alleged above and to cause Plaintiffs mental anguish and public ridicule and to discriminate against them because of their gender, or that it acted recklessly, wantonly, and in knowing violation of Plaintiffs' substantial rights, knowing that they were substantially certain to suffer as a consequence.

**FACTS**

14. Plaintiffs expressly adopt as if fully set forth herein the allegations of each and all of the preceding paragraphs.

15. McClease is a professional Correctional Officer with an extensive background of satisfactory service with the Department.

16. Boddorf is a professional Correctional Officer with an extensive background of satisfactory service with the Department.

17. Jacobs is a professional Correctional Officer with an extensive background of satisfactory service with the Department.

18. McClease is employed at the Department's Staten Correctional Facility. He works on the third shift from 10:00 p.m. to 6:00 a.m.

19. Boddorf is employed at the Department's Staten Correctional Facility. He works on the first shift from 6:00 a.m. to 2:00 p.m.

20. Jacobs is employed at the Department's Staten Correctional Facility. He works on the second shift from 2:00 p.m. to 10:00 p.m.

21. A number of other male Correctional Officers and female Correctional Officers are also employed there on each shift.

22. The female Correctional Officers are assigned more favorable and less dangerous work than are the males.

23. Female officers are assigned to work in the C dormitory and the E dormitory, in the guard towers, and in the hospital. Males are assigned to the A, B, D, and G dormitories.[1]

---

[1] Those were the dormitory designations at the time of the submission of the original Complaint. Apparently the Department has now given the dormitories aliases: What was A is now D; what was B is now C; the old C is now E; the former D is now F; G has become B; E is now A; and what was H (for hospital) is now G. Plaintiffs will continue to use the old designations as they were in effect at the origination of this action.

24. The C dormitory houses inmates who are undergoing a Substance Abuse Program ("SAP"), and are generally more docile. The E dormitory is the honor dormitory, and inmates there are the best behaved in the institution. The hospital has fewer inmates than are housed in other areas, and they are generally more docile; moreover, there is very little actual work required in the hospital. The towers require vigilance, but no danger, virtually no actual work, and no contact with inmates.

25. The A, B, D, and G general population dormitories house more inmates, require the most work, create the most stress, and pose the most danger to Correctional Officers.

26. Female Correctional Officers are virtually never assigned to the A, B, D, and G dormitories.

27. The assignment scheme favors females and disfavors males in the terms, conditions and privileges of employment.

28. Working in the A, B, D, and G dormitories is extremely stressful, and Plaintiffs on each shift have suffered from the stressful working conditions.

29. McClease filed a formal grievance relating to this matter on or about October 17, 2005. On or about February 16, 2006, the facts set forth above were found to be accurate and the grievance was resolved in McClease's favor. Despite that, nothing changed and the disparate treatment continues.

## CAUSES OF ACTION

30. Plaintiffs expressly adopt as to each cause of action as if set forth therein the averments of each of the foregoing paragraphs.

### COUNT I – SEX DISCRIMINATION UNDER 42 U.S.C.A. § 2000e, et seq.

31. Plaintiffs are members of a protected group, male.

32. Plaintiffs have been and are being subjected to disparate treatment that affects the terms, conditions, and privileges of their employment.

33. The said treatment favors and benefits females and disadvantages males.

34. The disparate treatment complained of is institutionalized as an unwritten policy, custom or usage of the Department at Staten Correctional Facility.

35. Plaintiffs have been injured and damaged in that they have undergone disproportionate stress, anxiety, fear and apprehension compared with similarly situated females. They have been and are being exposed to substantially more danger and are required to do more work than similarly situated females. They have experienced emotional distress, mental anguish and a loss of enjoyment of living as a result of the said disparate treatment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment for themselves and against the defendant as follows:

    a) Plaintiffs pray that the Court will enter a declaratory judgment that the practices complained of herein are unlawful and violative of 42 U.S.C. § 2000e, et seq.;

    b) Plaintiffs pray that the Court will Order modification or elimination of practices, policies, customs, and usages set forth herein and all other such practices shown to be in violation of law that they do not discriminate on the basis of sex;

    c) Each Plaintiff demands compensatory damages of Three Hundred Thousand Dollars as to claims cognizable under 42 U.S.C. § 2000e;

    d) Plaintiffs pray that the Court will grant them the cost of this action including reasonable attorneys' fees;

e)  Plaintiffs pray that the Court will grant them such equitable relief as may be available under relevant statutes as to which they may be entitled;

f)  Plaintiffs pray, in the alternative, that they be granted nominal damages and equitable relief;

g)  Plaintiffs pray that the Court will enjoin the Department from any further discrimination;

h)  Plaintiffs pray that the Court will grant to them such other, further and different relief as this Court may deem just and proper.

RESPECTFULLY SUBMITTED on this the __29th__ day of March, 2007.

/s/ JAY LEWIS
Jay Lewis
Law Offices of Jay Lewis, LLC
P.O. Box 5059
Montgomery, AL 36103
(334) 263-7733 (Voice)
(334) 832-4390 (Fax)
J-lewis@JayLewisLaw.com
ASB-2014-E66J

**CERTIFICATE OF SERVICE**

      I hereby certify that I have served the foregoing on the following counsel or parties by hand delivery, by facsimile, or by placing a copy of the same in the United States mail, properly addressed and first-class postage prepaid on this 29th day of March, 2007.

Albert S. Butler
Alabama Department of Corrections
P.O. Box 301501
Montgomery, AL 36130-1501

                                /s/ JAY LEWIS
                                Jay Lewis
                                Law Offices of Jay Lewis, LLC
                                P.O. Box 5059
                                Montgomery, AL 36103
                                (334) 263-7733 (Voice)
                                (334) 832-4390 (Fax)
                                J-lewis@JayLewisLaw.com
                                ASB-2014-E66J

**PLAINTIFFS DEMAND TRIAL BY STRUCK JURY.**