IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOEL McCLEASE, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) CIVIL ACTION NO. |
| v. | ) 2:07-cv-019-MHT |
| | ) |
| ALABAMA DEPARTMENT OF | ) |
| CORRECTIONS, | ) |
| | ) |
| Defendant. | ) |

## ALABAMA DEPARTMENT OF CORRECTION'S
## MOTION TO DISMISS THE AMENDED COMPLAINT

Comes now the Alabama Department of Corrections, and moves this Honorable Court to dismiss the Plaintiffs' amended complaint pursuant to Rule 12 (b)(6), Rules of Civil Procedure and would show as support the following:

### FACTS

The Plaintiffs have filed a First Amended Complaint on or about March 29, 2007. That complaint seeks to add two more Plaintiffs under the "piggybacking" doctrine. The amended complaint alleges that this Court has jurisdiction under 28 U.S.C. §1331 and 1343 due the Defendant's violation of Title VII (42 U.S.C. §2000e, et seq.). The amended complaint basically tracks the original complaint by alleging gender discrimination/disparate treatment with respect to the Plaintiffs terms, condition, and privileges of employment. The amended complaint alleges that the Defendant has denied them from obtaining equality with female persons in terms, conditions, and privileges of employment. The Plaintiffs allege that they have been subjected to disparate treatment in employment and emoluments of employment. The Plaintiffs claim that as a result the acts of the Defendant, they have suffered and will continue to suffer mental anguish and humiliation. The basis of the amended complaint is that they, male officers, are assigned less

favorable and more dangerous work than female officers and that this assignment disfavors male employees in the terms, conditions, and privileges of employment. Count 1 of the amended complaint claims that the Plaintiffs have undergone "stress, anxiety, fear, and apprehension" as a result of the assignments. There are no other adverse conditions of employment claimed by these Plaintiffs. The Defendant thinks that it is very important to note that the Plaintiffs are claiming that it is not the assignment to the more dangerous dorms, but it is the non-assignment of females that causes the "stress, anxiety, fear, and apprehension".

## ARGUMENT

"A motion to dismiss is only granted when the movant demonstrates 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " Williams v. Board of Regents of the University System of Georgia, 477 F.3d 1282 (11th Cir. 2007) quoting Harper v. Blockbuster Entm't Corp. , 139F.3d 1385, 1387 (11th Cir. 1998). Assuming that everything stated in the amended complaint is correct, the Plaintiffs can not prove, and have not claimed, that they have suffered an adverse employment action recognized by the current law. Without an adverse employment action, the Plaintiffs have no claim under Title VII for gender discrimination and/or disparate treatment.

In a disparate treatment case such as this one, the Defendant would submit that the question before the Court is "whether members of one sex are exposed to disadvantageous terms or conditions of employment to which members of the other sex are not exposed." Oncale v. Sundowner Offshore Servs., Inc.,523 U.S. 75, 80, 118 S.Ct. 998, 1002, 140 L.Ed.2d 201 (1998). As recognized and defined by the Supreme Court, terms and conditions of employment can be altered in either of two ways, (1) a tangible employment action such as "a significant hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.", and (2) an action that is "sufficiently severe and pervasive to effectively result in a change (sometimes referred to as a constructive change) in the terms and conditions of employment, even though the employee is not discharged, demoted, or reassigned." Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 753-54, 118 S.Ct. 2257, 2265, 141

L.Ed.2d 633 (1998). The Court determined that type of violation (constructive change) to be a hostile work environment harassment. The Plaintiffs in the amended complaint have not stated a tangible employment action as an adverse condition and have not alleged a hostile work environment harassment.

The Defendant addresses the tangible employment action first, even though the Plaintiffs' amended complaint does not allege a tangible adverse employment action. The Plaintiffs can not offer any evidence that supports their claim of an adverse employment action wherein they have suffered "a significant hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.", simply because there was none. The amended complaint states Plaintiffs were denied from obtaining equality with female persons; that they have suffered and will continue to suffer mental anguish and humiliation; that they, male officers, are assigned less favorable and more dangerous work than female officers and that this assignment disfavors male employees; that they have undergone "stress, anxiety, fear, and apprehension "as a result of the assignments. Interestingly enough the amended complaint does not contend that the male officers, including the named Plaintiffs, should be removed and/or reassigned to less dangerous assignments, only that the females are not being assigned to the more dangerous assignment.

The Defendant now addresses the second way that terms and conditions of employment can be altered, where an action that is "sufficiently severe and pervasive to effectively result in a change in the terms and conditions of employment, even though the employee is not discharged, demoted, or reassigned." The amended complaint states that "[W]orking in A, B, D, and G dormitories is extremely stressful, and Plaintiffs on each shift have suffered from stressful working conditions." As stated earlier, the amended complaint does not suggest that male officers should be removed from working those 'dangerous' dormitories, conceding that male officers have worked and would continue to work those assignments. Therefore those assignments (Dorms A, B, D, and/or G) are not and can not be "sufficiently severe and pervasive to effectively result in a change in the terms and conditions of employment. The Defendant uses

the decision by the Supreme Court in <u>Faragher v. City of Boca Raton</u>, 524 U.S. 775, 118 S.Ct. 2275 (1998), as its basis for arguing as to determination of "sufficiently severe and pervasive to effectively result in a change in the terms and conditions of employment.", even though that case involved sexual harassment/sexual objectionable environment. That environment "must be both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so," Faragher at 787 quoting <u>Harris v. Forklift Systems, Inc.</u>, 510 U.S. 17, 21, 114 S.Ct. 367, 370, 126 L.Ed.2d 295 (1993). {T]hese standards for judging hostility are sufficiently demanding to insure that Title VII does not become a "general civility code." Faragher at page 788 quoting <u>Oncale</u> at page 2283-2284, 523 U.S. "[W]e have made it clear that conduct must be extreme to amount to a change in the terms and conditions of employment......" Faragher at page 788. "[W]e directed courts to determine whether an environment is sufficiently hostile or abusive by 'looking at all the circumstances' including the 'frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.' " Faragher at 787-788 quoting <u>Harris</u> at page 23. The Plaintiffs in this action allege that certain dormitories are more dangerous than others regardless of who is assigned. The amended complaint states that they are "a professional Correctional Officer with an extensive background of satisfactory service...", therefore they can not and do not claim that the assignment 'unreasonably interferes with an employee's work performance'. Clearly the amended complaint does not allege an actionable claim under Title VII.

   The Plaintiffs, by bringing this action, are attempting made a claim under Title VII that does not exist. Take for example a law enforcement officer who is assigned a patrol area that is most dangerous than another area. Would Title VII apply in that circumstance? The Defendant thinks not. What about a United States Marshall assigned to transporting a more dangerous felon than another Marshall? If the Plaintiffs are allowed to claim a violation under Title VII based upon these allegations, where would it end? The Defendant strongly contends that the law of this Circuit does not support these claims.

Wherefore the premises considered, the Defendant prays this Honorable Court to dismiss this action.

Respectfully submitted,

Kim T. Thomas
General Counsel
Deputy Attorney General

/s/Albert S. Butler (BUT016)
Albert S. Butler (BUT016)
Assistant General Counsel
Assistant Attorney General

**ADDRESS OF COUNSEL**

Alabama Department of Corrections
Legal Division
301 South Ripley Street
P. O. Box 301501
Montgomery, Alabama 36130-1501
(334) 353-3885

## Certificate of Service

I do hereby certify that on the 9th of May 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system,

And I hereby certify that I have mailed a copy of the forgoing via United States Mail properly addressed, postage prepaid first class to:

Jay Lewis, Esq.
Law Offices of Jay Lewis, LLC
Attorney for the Plaintiff
P. O. Box 5059
Montgomery, AL  36103

/s/Albert S. Butler (BUT016)
Albert S. Butler (BUT016)
Assistant General Counsel
Assistant Attorney General