IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOEL McCLEASE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO.  CV 07-019 |
| v. | ) | |
| | ) | |
| ALABAMA DEPARTMENT OF | ) | |
| CORRECTIONS, | ) | |
| | ) | |
| Defendant. | ) | |

## ALABAMA DEPARTMENT OF CORRECTION'S
## ANSWER TO THE FIRST AMENDED COMPLAINT

Comes now the Alabama Department of Corrections (hereinafter referred to as ADOC), and files this answer to the first amended complaint as follows:

1. ADOC would deny that paragraph 1 concerning whether the Plaintiffs have filed this action pursuant to the prerequisites of Title VII, 42 U.S.C. § 2000e, et seq., and demands the strict proof thereof.

2. As to paragraph 2, ADOC would deny that any violations occurred, and demand the strict proof thereof.  ADOC would admit that these Plaintiffs were/are employed at the Staton Correctional Facility is located in Elmore County, Alabama. The ADOC would admit that its center office is located in Montgomery, Alabama.

3. ADOC would admit to paragraphs 3 through 6, with the exception that Plaintiff Boddorf is no longer employed by ADOC.

4. ADOC would deny paragraphs 7 through 35 and demands the strict proof thereof.

5. ADOC would deny paragraphs a) through h) under Prayer for Relief, and demands the strict proof thereof.

## DEFENSES

The ADOC would contend that the first amended complaint is not maintainable until the amended complaint is approved by the Court.

The ADOC would contend that the first amended complaint is not maintainable under Title VII unless and until at least one of the Plaintiffs demonstrates satisfaction of each and all of the prerequisites to file suit under such Act, and the other Plaintiffs prove that they are similarly situated to the Plaintiff meeting the prerequisites for suit under Title VII.

That the first amended complaint is not maintainable as to any event or alleged event occurring more than 180 days prior to filing of the EEOC charge or charges on which the first amended complaint is based.

That the complaint is not maintainable under Title VII against any person or entity not named as a respondent in the EEOC charge or charges on which the first amended complaint is based.

That no punitive damages are allowable against a governmental entity, such as the Defendant, under Title VII, as amended and is limited to the monetary caps provided by Title VII.

That the Plaintiffs are not entitled to claim compensatory or punitive damages under Title VII as he has asserted a cause of action under 28 U.S.C.§ § 1331 .

That the first amended complaint fails to state a claim upon which relief can be granted under Title VII, 42 U.S.C. § 2000e.

That the first amended complaint fails to state a prima facie claim upon which relief can be granted under Title VII, 42 U.S.C. § 2000e.

That ADOC is entitled to Eleventh Amendment Immunity.

That ADOC is entitled to Article I, § 14 immunity of the Alabama Constitution.

That there is no respondent superior liability under these causes of action.

That the complaint fails to state a cause of action upon which relief can be granted.

ADOC asserts the Mt. Healthy defense.

ADOC asserts the general defense.

ADOC alleges that the Plaintiffs have not properly filed a complaint Title VII, § 2000e and therefore this Court lacks jurisdiction..

ADOC reserves the right to amend its defenses, including affirmative defenses, upon the receipt of information obtained through discovery or otherwise.

ADOC contends that the Plaintiffs have failed to meet the requirements under Title VII, and therefore cannot maintain a cause of action under Title VII, and therefore this Court is without jurisdiction in this matter.

That ADOC's policy and/or practice as to the assignment of correctional officers are based upon a non-discriminatory reason.

That Plaintiffs' claim of gender discrimination/disparate treatment without an adverse employment action is insufficient to support a claim under Title VII.

That as to the two additional Plaintiffs Boddorf and Jacobs, these Plaintiffs are not similarly situated to the original Plaintiff, McClease, as required under Title VII.

Respectfully submitted,

Kim T. Thomas
General Counsel
Assistant Attorney General

/s/Albert S. Butler (BUT016)
Albert S. Butler (BUT016)
Assistant General Counsel
Assistant Attorney General

**ADDRESS OF COUNSEL**

Alabama Department of Corrections
Legal Division
301 South Ripley Street
P. O. Box 301501
Montgomery, Alabama 36130-1501
(334) 353-3885

## CERTIFICATE OF SERVICE

I do hereby certify that on the 16th day of May, 2007, I electronically filed the foregoing

with the Clerk of the Court using the CM/ECF system,

And I hereby certify that I have mailed a copy of the forgoing via United States Mail

properly addressed, postage prepaid first class to:

Jay Lewis, Esq.
Law Offices of Jay Lewis, LLC
Attorney for the Plaintiff
P. O. Box 5059
Montgomery, AL  36103

/s/Albert S. Butler (BUT016)
Albert S. Butler (BUT016)
Assistant General Counsel
Assistant Attorney General