**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| JOEL McCLEASE, ) | |
| JOHN BODDORF, and ) | |
| MALCOLM JACOBS, ) | |
|     Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 2:07-cv-19-MHT |
| ) | |
| ALABAMA DEPARTMENT ) | |
| OF CORRECTIONS, ) | |
|     Defendant ) | |

## ORDER ON PRE-TRIAL HEARING

A pretrial hearing was held in this case on October 19, 2007 wherein, or as a result of which, the following proceedings were held and action taken:

1. Parties and Trial Counsel.

    a. Plaintiffs Joel McClease, John Boddorf, and Malcolm Jacobs will be represented at trial by Jay Lewis, Law Offices of Jay Lewis, LLC, of Montgomery, Alabama.

    b. Defendant Alabama Department of Corrections will be represented at trial by Albert S. Butler, Assistant Attorney General, of Montgomery, Alabama.

    Counsel Appearing at Pre-trial Hearing.

    a. Appearing for the Plaintiff: Jay Lewis.

    b. Appearing for the Defendant: Albert S. Butler.

2. Jurisdiction and Venue. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

    Plaintiffs filed their Complaint under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e, et seq.), as amended, claiming violation of their right to be free from gender discrimination, to obtain compensatory damages as well as such equitable relief as may be appropriate. Venue is proper in the United States District Court for

        the Middle District of Alabama, in that the events giving rise to these claims took place in the Northern Division of the Middle District of Alabama.

2. Pleadings. The following pleadings have been allowed: the second amended complaint on behalf of the Plaintiff; and an answer to that complaint on behalf of the Defendants.

3. Claims and Defenses of the Parties.

    a. Plaintiff's claims:

        1. Plaintiffs, all males, are, or at all times material hereto were, employees of the Alabama Department of Corrections ("DOC"), holding the classification of Correctional Officer I (COI), posted at the Staton Correctional Facility ("Staton"). On April 3, 2006, McClease filed an EEOC charge of discrimination alleging he was discriminated against in his employment based on sex. On January 4, 2007, this lawsuit was timely filed (180 days having passed since the filing of McClease's EEOC charge of discrimination). Neither Plaintiff John Boddorf ("Boddorf") nor Plaintiff Malcom Jacobs ("Jacobs") filed complaints with the EEOC; they joined this action under the "piggybacking" doctrine. This lawsuit alleged discrimination based on sex in their employment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. § 2000e, et seq. An amended complaint was filed on March 31, 2007, when Plaintiffs Boddorf and Jacobs were added to this lawsuit.

        2. McClease is a professional Correctional Officer with an extensive background of satisfactory service with the Department. McClease has been

employed with the Department since August, 1989, and currently works at the Department's Staton Correctional Facility. He works on the third shift from 10:00 p.m. to 6:00 a.m.

3. Boddorf was a professional Correctional Officer with an extensive background of satisfactory service with the Department. Boddorf had been employed with the Department since approximately December, 1978. Boddorf was employed at the Department's Staton Correctional Facility. He worked on the first shift from 6:00 a.m. to 2:00 p.m. Boddorf retired as of May 1, 2007.

4. Jacobs is a professional Correctional Officer with an extensive background of satisfactory service with the Department. Jacobs has been employed with the Department since 1985, and currently works at the Department's Staton Correctional Facility. He works on the second shift from 2:00 p.m. to 10:00 p.m.

5. A number of other male Correctional Officers and female Correctional Officers are also employed at Staton on each shift.

6. The female Correctional Officers are assigned more favorable and less dangerous work than are the males.

7. Female officers are assigned to work in the C dormitory and the E dormitory, in the guard towers, and in the hospital. Males are assigned to the A, B, D, and G dormitories. The designations of the dormitories changed during the

pendency of this action, and the parties will agree before trial on which designations to utilize.

8. The C dormitory houses inmates who are undergoing a Substance Abuse Program ("SAP"), and are generally more docile. The E dormitory is the honor dormitory, and inmates there are the best behaved in the institution. The hospital has fewer inmates than are housed in other areas, and they are generally more docile; moreover, there is very little actual work required in the hospital. The towers require vigilance, but no danger, virtually no actual work, and no contact with inmates.

9. The A, B, D, and G general population dormitories house more inmates, require the most work, create the most stress, and pose the most danger to Correctional Officers.

10. Female Correctional Officers are virtually never assigned to the A, B, D, and G dormitories.

11. Female Correctional Officers may have been assigned (on paper) to A, B, D and G dormitories, in reality, they rarely worked those areas. Duty rosters, showing on a particular day that somebody worked a particular job, were not always correct.

12. The assignment scheme favors females and disfavors males in the terms, conditions and privileges of employment.

13. Working in the A, B, D, and G dormitories is extremely stressful, and Plaintiffs on each shift have suffered from the stressful working conditions.

14. McClease filed a formal grievance relating to this matter on or about October 17, 2005. On or about February 16, 2006, the facts set forth above were found to be accurate and the grievance was resolved in McClease's favor. Despite that, nothing changed and the disparate treatment continues.

15. Sometime after October, 2005, Boddorf complained to his supervisor, Lieutenant Copeland, that some employees worked certain dorms and others did not.

16. Jacobs verbally complained to his direct supervisors, Eddie Browning and Richard Golden, as well as Assistant Warden Thomas, that the posts need to be rotated because the same individual work in the same hostile areas on a constant basis.

17. The degree of ability to control the environment does not control where Correctional Officers are posted. All Correctional Officers are considered able to work every post, unless they are on light duty.

18. Plaintiffs are all males. They and other males have been subjected to discrimination in the terms, conditions and privileges of employment. Members of a non-protected group, females have received more favorable terms, conditions and privileges of employment.

19. Plaintiffs have been damaged in that they have been subjected to more stress, anxiety, emotional distress, and mental anguish than similarly situated females.

20. Plaintiffs are entitled to compensatory damages and such equitable relief as this Court is able to grant, including injunctive relief to compel the defendant to modify its practices to eliminate discrimination in job assignments. Plaintiffs are also entitled to all other equitable relief and the costs of this action and reasonable attorneys' fees.

b. Defendant's defenses:

1. In November 0f 2005, Mr. McClease filed complaint under ADOC's Administrative Regulation # 206 alleging that female officers were not being assigned to duty posts that he thought were more difficult. On February 16, 2006, the EEO Officer for ADOC, Roy Hightower, responded to the complaint and issued a decision that duty post assignments on all shifts at Staton are to be without regard to gender. This decision is consistent with the Department's policy prohibiting discrimination.

2. The Defendant denies that the two 'piggy-back' Plaintiffs are properly joined as plaintiffs in this action. The Defendant denies that the Plaintiffs suffered any adverse employment action. The Defendant contends that the duty post assignments were not and are not made at the Staton Correctional Facility on the basis of gender and were and are made by the supervisor of each shift placing the best officer in the that duty post assignment. The Defendant

contends that the Plaintiffs have not proffered any evidence that the Department's reasons for duty post assignment are a pretext of discrimination.

5.  STIPULATIONS OF FACT BY AND BETWEEN THE PARTIES:

The pertinent facts in this matter remain in dispute. The parties do propose to submit certain stipulations to the Court prior to the commencement of trial.

**It is ORDERED that:**

**(1) The jury selection and trial of this cause, which is to last four days, are set for November 26, 2007, at 10:00 a.m. at the Frank M. Johnson, Jr. United States Courthouse Complex, Courtroom 2FMJ, One Church Street, Montgomery, Alabama, 36104.**

**(2)  A trial docket will be mailed to counsel for each party approximately two weeks prior to the start of the trial term;**

**(3) Each party shall have available at the time of trial, for use by the court (the judge, the courtroom deputy clerk, and the law clerk), three copies of the exhibit list and a sufficient number of copies of each**

photostatically reproducible exhibit for opposing counsel, the courtroom deputy clerk, the law clerk, and the judge to each have a set of the exhibits;

(4) The parties in this case are not required to file trial briefs. However, if they wish to do so, their trial briefs shall be filed no later than November 21, 2007;

(5) All deadlines not otherwise affected by this order will remain as set forth in the uniform scheduling order (Doc. No. 6) entered by the court on February 9, 2007; and

(6) All understandings, agreements, deadlines, and stipulations contained in this pretrial order shall be binding on all parties unless this order be hereafter modified by Order of the court.

DONE, this the 22nd day of October, 2007.

      /s/ Myron H. Thompson
    UNITED STATES DISTRICT JUDGE