UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **JOEL McCLEASE, et al.,**           ) | |
|        Plaintiffs,                              ) | |
|                                                       ) | |
|        v.                                          ) | Case No. 2:07-cv-19-MHT |
|                                                       ) | |
| **ALABAMA DEPARTMENT**       ) | |
| **OF CORRECTIONS,**               ) | |
|        Defendant                              ) | |

### MOTION TO ALTER, AMEND, OR VACATE

Comes now Plaintiffs Joel McClease ("McClease"), John Boddorf ("Boddorf") and Malcolm Jacobs ("Jacobs") to move the Court to vacate its Opinion and Judgment in this case and, as grounds for which, would show the Court as follows:

Plaintiffs adopt the statement of facts, arguments, and citations to authority set forth in their response to the defendant's motion for summary judgment as if fully set forth herein.

It is respectfully submitted that the Court failed to consider the fact that the defendant failed to set forth its "legitimate, non-discriminatory reason" for adversely altering the terms, conditions, and privileges of Plaintiffs' employment with sufficient specificity to permit a showing of pretext.

The Court is respectfully reminded of the admonition of the Supreme Court in *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 258 (1981), that "the defendant's explanation of its legitimate reasons must be clear and reasonably specific" so that "the plaintiff be afforded a full and fair opportunity to demonstrate pretext." The Court of Appeals for the Eleventh Circuit has wholly embraced that stricture in, *inter alia*, *Bass v. Board of County*

1

*Com'rs, Orange County, Fla.* 256 F.3d 1095, 1106 (11th Cir. 2001). In following *Burdine*, the *Bass* court held that, "in order for a subjective reason to constitute a legally sufficient, legitimate, nondiscriminatory reason, the defendant must articulate a clear and reasonably specific factual basis upon which it based its subjective opinion." (Internal quotes omitted).

In *Chapman v. AI Transport*, 229 F.3d 1012, 1034 -1035 (11th Cir. 2000), the court fleshed out its position in noting that a subjective reason for making employment decisions might or might not pass muster:

> A subjective reason is a legally sufficient, legitimate, nondiscriminatory reason if the defendant articulates a clear and reasonably specific factual basis upon which it based its subjective opinion. Continuing our example of a sales clerk or wait staff position, it might not be sufficient for a defendant employer to say it did not hire the plaintiff applicant simply because "I did not like his appearance" with no further explanation. However, if the defendant employer said, "I did not like his appearance because his hair was uncombed and he had dandruff all over his shoulders," or "because he had his nose pierced," or "because his fingernails were dirty," or "because he came to the interview wearing short pants and a T-shirt," the defendant would have articulated a "clear and reasonably specific" basis for its subjective opinion-the applicant's bad (in the employer's view) appearance.

While the various supervisors' affidavits (Exhibit G to defendant's brief) all cite the particular supervisor's "best judgment" (Copeland) in making assignments, and emphasize putting the "best suited" (Thomas, Copeland) or "best qualified" (Pittman) officer in each post based on the "officer's ability" (Browning), there is no explanation of what constitutes "best suited" or "best qualified." The defendant's proffered legitimate, non-discriminatory reason falls well short of the "clear and reasonably specific" explanation demanded by *Burdine*, *Bass*, and *Chapman*. The explanation offered fall more along the lines of "I did not like his appearance," found deficient in the *Chapman* hypothetical.

There is no explanation of what qualities were either lacking or present in Plaintiffs to

cause the disparity in assignments or what qualities constitute "best suited" for assignment to particular posts. In short, the explanations were so amorphous that Plaintiffs were not "afforded a full and fair opportunity to demonstrate pretext."

Plaintiffs respectfully suggest that if the defendant has not articulated a "reasonably specific" rationale for the decisions that resulted in what the Court has already found to be a *prima facie* case of gender discrimination, Plaintiffs' obligation to refute it has not been triggered, and any finding by the Court that their refutation was deficient is erroneous.

Plaintiffs also respectfully submit that the Court paid insufficient attention to the fact that the assignment of positions within the institution violate the institution's own policies. While the defendant cited the Roy Hightower memorandum (Exhibit C to defendant's brief) for the proposition that "duty post assignments on all shifts at Staton are to be without regard to gender," that recitation leaves out a couple of very important words which buttresses counsel's assertion at the pretrial conference that correctional officers at Plaintiffs' level are essentially fungible in the duties they are expected to undertake. What the Hightower memo actually said was that "[a]ll posts **will be rotated**, regardless of gender." (Emphasis added).

The word "rotate" means "to proceed in sequence; alternate" American Heritage Dictionary, Second College Edition; "to perform a job or duty on a rotating basis" WordNet 3.0 (Princeton University); "to proceed in a fixed routine of succession" Dictionary.com Unabridged (v. 1.1). That stricture from Hightower to operate "on a rotating basis" flies in the face of the sort of day-by-day, case-by-case determination purportedly made by the affiants for the defendant and constitutes a deviation from the policy enunciated by Hightower. It is well established in this Circuit that bending or breaking policies to benefit one group over another may be evidence of

discrimination. See *Jean v. Nelson*, 711 F.2d 1455 (11th Cir. 1983); *Morrison v. Booth*, 763 F.2d 1366, 1374 (11th Cir. 1985).

WHEREFORE, the premises considered, Plaintiffs pray that the Court will vacate and hold for naught the summary judgment entered in this case on or about October 25, 2007, and will set this case down for trial.

RESPECTFULLY SUBMITTED on this the __31st__ day of October, 2007.

/s/ JAY LEWIS
Jay Lewis
Law Offices of Jay Lewis, LLC
P.O. Box 5059
Montgomery, AL 36103
(334) 263-7733 (Voice)
(334) 832-4390 (Fax)
J-lewis@JayLewisLaw.com
ASB-2014-E66J

**CERTIFICATE OF SERVICE**

This is to certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following attorney(s) on this 31st day of October, 2007.

Albert S. Butler
Alabama Department of Corrections
P.O. Box 301501
Montgomery, AL 36130-1501

/s/ JAY LEWIS
Jay Lewis, ASB-2014-E66J
Law Offices of Jay Lewis, LLC
P.O. Box 5059
Montgomery, AL 36103
(334) 263-7733 (Voice)
(334) 832-4390 (Fax)
J-lewis@JayLewisLaw.com