IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOEL McCLEASE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | CASE NO. 2:07-CV-019-MHT |
| ) | |
| ALABAMA DEPARTMENT ) | |
| OF CORRECTIONS, ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO ALTER, AMEND, OR VACATE

Comes now the Defendant and submits this brief in support of its opposition to the Plaintiffs' motion to alter, amend, or vacate as follows:

The Defendant adopts the statement of facts, arguments, and citations to authority set forth in its brief in support of the motion for summary judgment as if fully set out herein.

The Plaintiffs are basing this motion on the assumption that the Defendant did not articulate a clear and reasonably factual basis upon which it based its subjective opinion, which is simply not the case. The Defendant submitted clear and reasonably specific factual evidence that the duty post assignments were based upon legally sufficient, legitimate, nondiscriminatory reasons. The Plaintiffs even agreed that officers should be assigned according to they ability, and that certain posts require certain skills. (Exhibit "F", McClease's Deposition, Page 107), (Exhibit "F", Jacob's Deposition, Pages 59-60 & 64 -67), and (Exhibit "F", Boddorf's Deposition, Pages 18-19). All three shift supervisors state under oath that gender was not a consideration in making shift assignment. They go on to explain in detail how the shift assignments are made, namely the assignments are made by putting the best officer at a particular post who has the experience and

ability to control of that post, which is a pure non-discriminatory reason.

As argued in its brief in support of summary judgment, "[T]o survive summary judgment, the plaintiff must then 'come forward with evidence, including previously produced evidence establishing the prima facie case sufficient to permit a reasonable fact finder to conclude that the reasons given by the employer were not the real reasons for the adverse employment action." Chapman v. AI Transp., 229 F.3d 1012, 1024 (11th Cir. 2000). (quoting Combs v. Plantation Patterns, 106 F.3d 1519, 1528 (11th Cir. 1997). To show that the employer's reasons are pretextual, the plaintiff must demonstrate "such weakness, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable fact finder could find them unworthy of credence." Combs at 1538. When the burden shifts to the Plaintiffs, they must "meet [the proffered] reason head on and rebut it, and the employee cannot succeed by simply quarreling with the wisdom of that decision." Chapman at 1030. The Court went on to say that "federal courts do not sit as a super-personnel department that reexamines an entity's business decisions." Chapman at 1030.

The Plaintiffs made no attempt to proffer evidence that the reasons offered were pretextual because they were, in fact, not pretextual. Wherefore the premises considered, the Defendant prays this Honorable Court to deny the Plaintiffs' motion to alter, amend, or vacate.

Respectfully submitted,

                                        Kim T. Thomas
                                        General Counsel
                                        Assistant Attorney General

                                        /s/Albert S. Butler (BUT016)
                                        Albert S. Butler (BUT016)
                                        Assistant General Counsel
                                        Assistant Attorney General

ADDRESS OF COUNSEL:

Alabama Department of Corrections
Legal Division
301 South Ripley Street
P. O. Box 301501
Montgomery, Alabama 36130-1501
(334) 353-3885

## CERTIFICATE OF SERVICE

I do hereby certify that on the 13th day of November, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system,

And I hereby certify that I have mailed a copy of the forgoing via United States Mail properly addressed, postage prepaid first class to:

Jay Lewis, Esq.
Law Offices of Jay Lewis, LLC
Attorney for the Plaintiff
P. O. Box 5059
Montgomery, AL  36103

/s/Albert S. Butler (BUT016)
Albert S. Butler (BUT016)
Assistant General Counsel
Assistant Attorney General